### CLAY vs. OAKLEY.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff seeks to make the defendant liable, on his endorsement as agent of Bynum, because the endorsement was made without authority. The want of authority rendered the defendant liable, as if he had

*In an action against an agent for endorsing a note without authority, proof must be given of notice of protest tohim or to theprincipal.*

*Depositing the notice in*

CLAY
vs
OAKLEY.

a post-office is not suffici- ent, if the en- dorser lives in the place wh re the post-office is situate. And if he lives out of the place, the notice is bad ifdirected to him as liv- ing in it.

endorsed the note as his own. His liability in such a case would have been dependant on the use of legal diligence on the part of the endorser, by demand, protest and *notice*. It becomes there fore the plaintiff in this case, to shew that he used this legal diligence. It is clear the defendant, as he endorsed in the name of Bynum, cannot complain that notice was given to the latter and not to himself; for if the plaintiff erred in considering Bynum as his endorser, the error proceeded from the act of the defendant; but if the endorsee gave no legal notice to any one, he cannot blame any one but himself, if by his latches, his endor- ser, who ever he was, was discharged.

We therefore conclude, that it behooves the plaintiff who sued as endorser, to shew that he did not discharge his endorser, but used legal diligence.

The record shews that notice of the protest and non payment was deposited in the post office at Alexandria, directed to F. A. Bynum, at that place. Now Bynum dwelt either with- in or without that town: if he did without, the notice was not properly directed, and the plaintiff must fail. If Bynum resided in Al- exandria, he was entitled to notice at his do-

micil, and nothing authorised its being left in any other house.    It is therefore clear no legal notice was given, and the endorser of the note was thereby discharged.

West'n Dis'ot
October 826.

CLAY
vs
OAKLEY.

The plaintiff is therefore, without a right of action against the defendant, for whether the latter correctly endorsed the note in Bynum's name, or improperly being without authority, the plaintiff suffers from his own negligence only.

Had notice been given to Bynum or the defendant, perhaps they might have taken such means, as might have led to payment by the maker of the note : the plaintiff by neglecting to give notice, took upon himself the risk of obtaining payment from the maker.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant as in case of non suit, with costs in both courts.

*Thomas* for the plaintiff, *Oakley & January* for the defendant.